UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI SMITH,<br><br>                              Plaintiff,<br><br>                   v.<br><br>NAPA STATE HOSPITAL, et al.,<br><br>                              Defendant(s). | Case No. CV 16-7700-JAK (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Kari Smith ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Complaint ("Complaint") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging violations of her First, Eighth, and Fourteenth Amendment rights. Plaintiff appears to be suing defendants Napa State Hospital, Nurse Cherise, Unit Supervisor Sarah D., and Nurse Psych Tech Malou ("Defendants"). As discussed below, the Court dismisses the Complaint with leave to amend for failure to state a claim.

///

///

///

## II.

## **ALLEGATIONS IN COMPLAINT**

On September 10, 2016, Plaintiff constructively filed[1] the Complaint pursuant to Section 1983. Dkt. 1, Compl.[2] Plaintiff sues Defendants Cherise and Sarah D. in both their individual and official capacities. Id. at 4. It is unclear in what capacity Defendant Malou is being sued. Id. at 5.

Plaintiff alleges on September 2, 2016, within 24 hours of being transferred from Santa Barbara County Jail to Napa State Hospital, she told her social worker "maybe I'd be better off dead." Id. at 2. Defendant Sarah D., the Unit Supervisor, asked if she's like to talk in a quieter room, but Plaintiff said she didn't want to talk. Id. Plaintiff was told she didn't have a choice and was "thrown into seclusion and IM'd [her] medication." Id.

Plaintiff alleges Defendant Cherise "punished [her] in seclusion [and] excessively forced a 'pill' down [her] throat for literally quoting the 14th Amendment." Id. at 6. Plaintiff does not identify when this occurred.

Plaintiff alleges Nurse/Psych Tech Malou tried to give her a medication that was not hers and "could [ha]ve harmed [her]. Possibly fatally." Id. at 5. Plaintiff again does not identify when this occurred.

Plaintiff also alleges she is a U.S. born citizen and her Fourteenth Amendment rights were violated "by allowing NON-US born citizens to go before US born citizens . . . in breakfast, lunch, dinner, phone, meds call, linen call, [and] mail call lines." Id. at 6.

///

---

[1] Under the "mailbox rule," when a pro se civil detainee gives institutional authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004) (holding "mailbox rule" applies to civil detainees).

[2] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the

3

1   court to draw the reasonable inference that the defendant is liable for the
2   misconduct alleged." Id. (citation omitted).
3        "A document filed pro se is to be liberally construed, and a pro se complaint,
4   however inartfully pleaded, must be held to less stringent standards than formal
5   pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.
6   2008) (citations and internal quotation marks omitted). "[W]e have an obligation
7   where the p[laintiff] is pro se, particularly in civil rights cases, to construe the
8   pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v.
9   Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).
10       If the court finds the complaint should be dismissed for failure to state a
11   claim, the court has discretion to dismiss with or without leave to amend. Lopez v.
12   Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted
13   if it appears possible the defects in the complaint could be corrected, especially if
14   the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,
15   1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint
16   cannot be cured by amendment, the court may dismiss without leave to amend.
17   Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th
18   Cir. 2009).

## IV.
## DISCUSSION

21   **A.**   **THE COMPLAINT DOES NOT UNAMBIGUOUSLY IDENTIFY**
22        **DEFENDANTS**
23       Rule 10(a) of the Federal Rules of Civil Procedure requires that each
24   defendant be named in the caption of the complaint. A complaint is subject to
25   dismissal if "one cannot determine from the complaint who is being sued, [and] for
26   what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996)
27       Here, while Napa State Hospital appears in the caption of the Complaint, it
28   is not listed in the section of the Complaint identifying the parties. See Compl. at

4

4-5. The Court is therefore unable to determine whether Plaintiff intended to name Napa State Hospital as a defendant.

If Plaintiff decides to include Napa State Hospital in an amended complaint, she must clarify exactly who the defendants are – at a minimum, the caption and body of the complaint must agree.

**B.  PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT**

    **(1) APPLICABLE LAW**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citing Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)); see also Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). In addition, she must show the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

///

**(2) ANALYSIS**

Here, Plaintiff's claims against Defendants in their official capacity fail. Plaintiff fails to identify any policy, longstanding practice, or custom that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See Trevino, 99 F.3d at 918. Therefore, Plaintiff's official capacity claims must be dismissed.

**C. PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM**

**(1) APPLICABLE LAW**

Allegations of retaliation against a plaintiff's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "The First Amendment rights of detainees, like those of convicted prisoners, 'may be limited or retracted if required to maintain institutional security and preserve internal order and discipline.'" Esparza v. Baca, No. CV 07-4118-PSG (OP), 2010 WL 4536786, at *7 (C.D. Cal. Aug. 31, 2010), report and recommendation adopted, No. CV 07-4118-PSG OP, 2010 WL 4530364 (C.D. Cal. Oct. 29, 2010) (quoting Pierce v. Cty. of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008)).

A viable claim of First Amendment retaliation against a civil detainee entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct (i.e., "retaliatory motive"); (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Conduct protected by the First Amendment in the detention context has included filing of a prison grievance, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.

2003), giving legal assistance to other inmates, Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), and access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).  However, the law regarding the extent of one's right to speak in prison is not well settled.  Jackson v. Austin, No. 2:14-CV-0592 KJM (KJN), 2014 WL 4656201, at *3 (E.D. Cal. Sept. 16, 2014) (dismissing first amended complaint with leave to amend).  "[A] number of district courts have [held] verbal challenges to prison officials that are argumentative, confrontational, and disrespectful are not protected by the First Amendment."  See id.; see also Johnson v. Carroll, No. 2:08-CV-1494 KJN P, 2012 WL 2069561, at *33 (E.D. Cal. June 7, 2012), report and recommendation adopted, 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012) (citing cases); Nunez v. Ramirez, No. 09-CV-413-WQH (BLM), 2010 WL 1222058, at *4 (S.D. Cal. Mar. 24, 2010) (rejecting plaintiff's contention that "directly [verbally] confronting a correctional officer who was attempting to enforce an indisputably valid prohibition" was protected speech, because "[s]uch a direct, face-to-face confrontation presents a danger of a disturbance and a disruption to institutional order and discipline that a written grievance does not").

In order to show "retaliatory motive," a plaintiff must show that her protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct."  Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation omitted).  The plaintiff must establish the "retaliatory motive" with more than "sheer speculation."  Pratt, 65 F.3d at 808.  To survive a motion to dismiss, a plaintiff must plead enough facts to plausibly establish a defendant's retaliatory motive.  See Brodheim, 584 F.3d at 1271; Iqbal, 129 S. Ct. at 1949; compare Pratt, 65 F.3d at 808 (concluding, while the timing of adverse actions can be circumstantial evidence to establish a retaliatory motive, timing alone did not "support the inference" of retaliatory motive); with Bruce, 351 F.3d at 1289 (concluding a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by showing suspect timing supplemented by statements and

other evidence). Furthermore, a retaliation claim is not plausible if there are "more likely explanations" for the action. Iqbal, 129 S. Ct. at 1951; see, e.g., Pratt, 65 F.3d at 808 (concluding that allowing an inmate to be closer to his family was a more likely explanation for his transferal than retaliation); Stone v. Becerra, No. CV-10-138-RMP, 2011 WL 1565299, at *3 (E.D. Wash. Apr. 25, 2011), aff'd, 520 F. App'x 542 (9th Cir. 2013) (concluding timing alone was insufficient evidence of retaliatory motive and more likely explanation for the alleged adverse action, a cell search, is that "it was actually random").

**(2) ANALYSIS**

Here, Plaintiff alleges Defendant Cherise "punished [her] in seclusion [and] forced a 'pill' down [her] throat for literally quoting the 14th Amendment." Compl. at 6. First, it is not clear to the Court that quoting the Fourteenth Amendment is protected speech in this context, particularly if it was quoted in a manner and with the intent of antagonizing, arguing with, or confronting Defendant Cherise. See Jackson, 2014 WL 4656201, at *3. Second, even assuming Plaintiff's conduct is protected activity, Plaintiff's conclusory allegation of retaliatory motive is insufficient to show Plaintiff's quoting of the Fourteenth Amendment was a "substantial and motivating" factor behind Defendant Cherise giving Plaintiff her medication. See Brodheim, 584 F.3d at 1271. Timing alone does not support an inference of retaliatory motive and a more likely explanation based on the minimal facts currently pled is that Defendant Cherise was required to give Plaintiff her medication. See Stone, 2011 WL 1565299, at *3.

Therefore, Plaintiff's First Amendment retaliation claim must be dismissed.

**C. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE AN EXCESSIVE FORCE CLAIM AGAINST ANY DEFENDANT**

**(1) APPLICABLE LAW**

The "settled rule [is] that the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."

Hudson v. McMillian, 503 U.S. 1, 5, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (internal quotation marks omitted). "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (footnote omitted). The relevant inquiry for determining whether prison officials accused of using excessive physical force inflicted unnecessary and wanton pain is whether force was applied in a good faith effort to maintain or restore discipline, or, instead, was applied maliciously and sadistically for the very purpose of causing harm. Hudson, 503 U.S. at 6 (internal quotation marks omitted).

However, "the rights of civilly committed persons are protected by the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment." Irvin v. Baca, No. CV 03-2565-AHS (CW), 2011 WL 838915, at *8 (C.D. Cal. Jan. 18, 2011), report and recommendation adopted, 2011 WL 835834 (C.D. Cal. Feb. 28, 2011). This due process standard recognizes the state is entitled to hold such a person in custody, and that the detainee's confinement raises "concerns similar to those raised by the housing of pretrial detainees, such as the legitimate institutional interest in the safety and security of guards and other individuals in the facility, order within the facility, and the efficiency of the facility's operations." Andrews v. Neer, 253 F.3d 1052, 1061 (9th Cir. 2001) (citing Johnson–El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989)).

The standard applicable to Fourteenth Amendment excessive force cases is the same as the Fourth Amendment "objective" test, rather than the often harder-to-prove Eighth Amendment "subjective" standard. Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2470, 192 L. Ed. 2d 416 (2015). Thus, the inquiry here is whether the defendants' "actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or

1 motivation." Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

The gravity of a particular intrusion on an individual's Fourth Amendment interests depends on "the type and amount of force inflicted." Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994). "[E]ven when some force is justified the amount actually used may be excessive." Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007) (citations and internal quotation marks omitted); see also Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002).

Additionally, "[t]o satisfy substantive due process requirements, the conditions of confinement imposed on civil detainees cannot be punitive." Rogers v. Grijalva, No. 1:09-CV-01298-BAM, 2013 WL 5492530, at *12 (E.D. Cal. Oct. 1, 2013) (citing Jones, 393 F.3d at 931-32); see also Youngberg v. Romeo, 457 U.S. 307, 321–22, 102 S. Ct. 2452, 2461, 73 L. Ed. 2d 28 (1982) ("Persons who have been involuntarily committed are entitled to more considerate . . . conditions of confinement than criminals whose conditions of confinement are designed to punish."). A civil detainee "enjoys constitutionally protected interests in conditions of reasonable care and safety, [and] reasonably nonrestrictive confinement conditions." Youngberg, 457 U.S. at 324. However, "[i]n determining whether the State has met its obligations in these respects, decisions made by the appropriate professional are entitled to a presumption of correctness." Id.

**(2)   ANALYSIS**

Here, it is unclear from the Complaint whether Plaintiff is confined as the result of a criminal conviction or has been civilly detained. Therefore, the Court is not able to determine whether Plaintiff's claims of excessive force should be considered under the Eighth or Fourteenth Amendments. If Plaintiff chooses to pursue an excessive force claim, she must specify her custodial status.

///

### a. Defendants Sarah D. and Charise

Plaintiff alleges Defendants Sarah D. and Charise put her in seclusion and forced medication on her. Compl. at 2, 6. These allegations are sufficient to state a claim of excessive force under the Fourteenth Amendment. See Rogers v. Grijalva, No. 1:09-CV-01298-SKO, 2011 WL 837172, at *4 (E.D. Cal. Mar. 7, 2011) (finding plaintiff's allegations that staff members involuntarily injected him with a sedative without his consent was sufficient to state a claim of excessive force under the Fourteenth Amendment). On the other hand, Plaintiff's allegations are not sufficient to state a claim of excessive force under the Eighth Amendment because there are no allegations from which the Court may reasonably infer Defendants actions caused Plaintiff any pain or were "malicious[] and sadistic[] for the very purpose of causing harm." See Hudson, 503 U.S. at 6. However, before the Court can conclude Plaintiff is entitled to protection under the Fourteenth Amendment, rather than the often harder-to-prove Eighth Amendment "subjective" standard, Plaintiff must clearly set forth her custodial status.

### b. Defendant Malou

Plaintiff alleges Defendant Malou tried to give her a medication that could have harmed her. Compl. at 5. Plaintiff fails to allege Defendant Malou used any force against her or actually caused her any harm. Hence, Plaintiff fails to state a claim against Defendant Malou under either the Eighth or Fourteenth Amendments.

## D. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM AGAINST ANY DEFENDANT

### (1) APPLICABLE LAW

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985).

1  An equal protection claim may be established in two ways.  First, a plaintiff
2  may establish an equal protection claim by showing the defendants acted with an
3  intent or purpose to discriminate against the plaintiff based upon the plaintiff's
4  membership in a protected class.  See, e.g., Thornton v. City of St. Helens, 425
5  F.3d 1158, 1167 (9th Cir. 2005).  Second, a plaintiff may establish an equal
6  protection claim by showing that similarly situated individuals were intentionally
7  treated differently without a rational relationship to a legitimate state purpose (or a
8  compelling need in a case involving a suspect class or a fundamental right).  Vill. of
9  Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060
10  (2000); SeaRiver Maritime Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th
11  Cir. 2002).

**(2) ANALYSIS**

Here, Plaintiff's equal protection claim fails.  Plaintiff alleges she is a U.S. born citizen, but that non-U.S. born citizens are allowed to go before her "in breakfast, lunch, dinner, phone, meds call, linen call, mail call lines."[3]  Compl. at 6.  Plaintiff fails to allege that a particular defendant intentionally treated her differently because of her membership in a protected class or from others similarly situated.  Hence, Plaintiff's Equal Protection claim must be dismissed.

### V.

### LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

---

[3] It is unclear from the Complaint whether Plaintiff is alleging she is being discriminated against based on her status as a U.S. born citizen because non-U.S. born citizens are put ahead of U.S. born citizens in line, or whether she believes she has a right to preferential treatment based on her status as a U.S. born citizen.

1       Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the
2 service date of this Order Plaintiff may file a First Amended Complaint to attempt
3 to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail**
4 **Plaintiff a blank Central District civil rights complaint form to use for filing**
5 **the First Amended Complaint, which the Court encourages Plaintiff to use.**
6       If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly
7 designate on the face of the document that it is the "First Amended Complaint," it
8 must bear the docket number assigned to this case, and it must be retyped or
9 rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not
10 include new defendants or new allegations that are not reasonably related to the
11 claims asserted in the Complaint.  In addition, the First Amended Complaint must
12 be complete without reference to the Complaint or any other pleading, attachment,
13 or document.
14       An amended complaint supersedes the preceding complaint.  <u>Ferdik v.</u>
15 <u>Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will
16 treat all preceding complaints as nonexistent.  <u>Id.</u>  Because the Court grants
17 Plaintiff leave to amend as to all his claims raised here, any claim raised in a
18 preceding complaint is waived if it is not raised again in the First Amended
19 Complaint.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).
20       The Court advises Plaintiff that it generally will not be well-disposed toward
21 another dismissal with leave to amend if Plaintiff files a First Amended Complaint
22 that continues to include claims on which relief cannot be granted.  "[A] district
23 court's discretion over amendments is especially broad 'where the court has
24 already given a plaintiff one or more opportunities to amend his complaint.'"
25 <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations
26 omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a First**
27 **Amended Complaint with claims on which relief cannot be granted, the First**
28

1 | **Amended Complaint will be dismissed without leave to amend and with**
2 | **prejudice.**
3 |     **Plaintiff is explicitly cautioned that failure to timely file a First**
4 | **Amended Complaint will result in this action being dismissed with prejudice**
5 | **for failure to state a claim, prosecute and/or obey Court orders pursuant to**
6 | **Federal Rule of Civil Procedure 41(b).**

Dated: October 25, 2016

/s/ *Kenly Kiya Kato*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge