1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7          CENTRAL DISTRICT OF CALIFORNIA
8
9
10   KARI SMITH,                          Case No. CV 16-7700-JAK (KK)
11                    Plaintiff,
12             v.                          ORDER DISMISSING FIRST
                                           AMENDED COMPLAINT WITH
13   NAPA STATE HOSPITAL, et al.,          LEAVE TO AMEND
14                    Defendant(s).
15
16
17                          **I.**
18                   **INTRODUCTION**
19        Plaintiff Kari Smith ("Plaintiff"), proceeding pro se and in forma pauperis,
20   has filed a First Amended Complaint ("FAC") pursuant to Title 42 of the United
21   States Code, section 1983 ("Section 1983") alleging violations of her First, Eighth,
22   and Fourteenth Amendment rights.  Plaintiff appears to be suing defendants Napa
23   State Hospital, Nurse Cherise, Unit Supervisor Sarah D, and Nurse Psych Tech
24   Malou ("Defendants").  As discussed below, the Court dismisses the FAC with
25   leave to amend for failure to state a claim.
26   ///
27   ///
28   ///

## II.

## PROCEDURAL HISTORY

On September 10, 2016, Plaintiff, a detainee at Napa State Hospital, filed a <u>pro se</u> civil rights complaint ("Complaint") alleging Defendants violated her First, Eighth, and Fourteenth Amendment rights under Section 1983.  Dkt. 1, Compl.[1] According to Plaintiff's allegations, Defendants discriminated against her and used excessive force by putting her in seclusion and forcing her to take medication.  <u>Id.</u> at 2, 6.

On October 25, 2016, the Court dismissed the Complaint with leave to amend for failure to comply with Federal Rules of Civil Procedure 10(a) and 12(b)(6).  Dkt. 6, Order.  The Court found Plaintiff failed to clearly identify all the Defendants and failed to state a claim.  <u>Id.</u>

On November 2, 2016, Plaintiff constructively filed[2] the FAC.  Dkt. 7, FAC. Plaintiff again sues Defendants Cherise and Sarah D in both their individual and official capacities.  <u>Id.</u> at 3.  She additionally sues Defendant Malou in her official capacity only.  <u>Id.</u>

## III.

## ALLEGATIONS IN FAC

Plaintiff alleges Defendant Sarah D "used unnecessary force to 'overmedicate' [Plaintiff]" when she "held [Plaintiff] down and forced [Plaintiff] to take [an] injection."  <u>Id.</u> at 5.

Plaintiff does not make any specific allegations against Defendant Cherise. Instead, in addressing claims against Defendant Cherise, Plaintiff states Plaintiff is

---

[1] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

[2] Under the "mailbox rule," when a <u>pro se</u> civil detainee gives institutional authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); <u>Jones v. Blanas</u>, 393 F.3d 918, 926 (9th Cir. 2004) (holding "mailbox rule" applies to civil detainees).

"the widow of a U.S. veteran and [she] believe[s] in the 14th amendment." Id. Plaintiff claims she "quoted the 14th amendment because of [another patient] going before [her] and when made pt. of the week [she] was punished. Very unnecessary." Id.

Lastly, as to Defendant Malou, Plaintiff alleges Defendant Malou "came to [Plaintiff] with a medication not belonging to [Plaintiff]." Id. Plaintiff further claims she does not find Defendant Malou "at fault," but she asserts "the wrong medication can be fatal and harmful to a person that it does not belong to." Id.

Plaintiff states she has "placed several calls to the patients advocates" regarding her allegations, but she has not "file[d] in writing for fear of someone reading what [she] had to say and 'forcing' medication on [her]." Id. at 6. Ultimately, Plaintiff claims patients at Napa Hospital are kept "very 'sedated' whether [they] need to be or not," and that "horrible racism takes [] places against white Americans." Id.

## IV.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint

4

1  cannot be cured by amendment, the court may dismiss without leave to amend.

2  <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th

3  Cir. 2009).

4  **V.**

5  <u>**DISCUSSION**</u>

6  A.     **THE FAC DOES NOT UNAMBIGUOUSLY IDENTIFY**

7           **DEFENDANTS**

8           Rule 10(a) of the Federal Rules of Civil Procedure requires that each

9  defendant be named in the caption of the complaint.  A complaint is subject to

10  dismissal if "one cannot determine from the complaint who is being sued, [and] for

11  what relief . . . ."  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996)

12           Here, as the Court previously advised Plaintiff in its October 25, 2016 Order,

13  Napa State Hospital appears in the caption of the FAC, however, it is not listed in

14  the section of the FAC identifying the parties.  <u>See</u> FAC at 3.  The Court is

15  therefore unable to determine whether Plaintiff intended to name Napa State

16  Hospital as a defendant.

17           If Plaintiff decides to include Napa State Hospital in an amended complaint,

18  she must clarify exactly who the defendants are – at a minimum, the caption and

19  body of the complaint must agree.

20  B.     **PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM**

21           **AGAINST ANY DEFENDANT**

22           (1)    APPLICABLE LAW

23           An "official-capacity suit is, in all respects other than name, to be treated as

24  a suit against the entity."  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099,

25  87 L. Ed. 2d 114 (1985) (citing <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72, 105 S. Ct.

26  873, 83 L. Ed. 2d 878 (1985)); <u>see also</u> <u>Larez v. City of Los Angeles</u>, 946 F.2d 630,

27  646 (9th Cir. 1991).  Such a suit "is <u>not</u> a suit against the official personally, for the

28  real party in interest is the entity."  <u>Graham</u>, 473 U.S. at 166.  Because no

5

respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  A plaintiff must show "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity."  Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted).  In addition, she must show the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

**(2)   ANALYSIS**

Here, Plaintiff's claims against Defendants in their official capacity again fail. Plaintiff does not identify any policy, longstanding practice, or custom that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  See Trevino, 99 F.3d at 918.  While Plaintiff may allude to a practice when she states, "They keep us very sedated here," this conclusory allegation based on a single incident is insufficient to state a claim.  FAC at 6; Trevino, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (citation omitted)).  Therefore, Plaintiff's official capacity claims must be dismissed.

///

///

///

**C.    PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM**

**(1)    APPLICABLE LAW**

Allegations of retaliation against a plaintiff's First Amendment rights to speech or to petition the government may support a Section 1983 claim.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "The First Amendment rights of detainees, like those of convicted prisoners, 'may be limited or retracted if required to maintain institutional security and preserve internal order and discipline.'" Esparza v. Baca, No. CV 07-4118-PSG (OP), 2010 WL 4536786, at *7 (C.D. Cal. Aug. 31, 2010), report and recommendation adopted, No. CV 07-4118-PSG (OP), 2010 WL 4530364 (C.D. Cal. Oct. 29, 2010) (quoting Pierce v. Cty. of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008)).

A viable claim of First Amendment retaliation against a civil detainee entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct (i.e., "retaliatory motive"); (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Conduct protected by the First Amendment in the detention context has included filing of a prison grievance, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), giving legal assistance to other inmates, Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), and access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).  However, the law regarding the extent of one's right to speak in prison is not well settled.  Jackson v. Austin, No. 2:14-CV-0592 KJM (KJN), 2014 WL 4656201, at *3 (E.D. Cal. Sept. 16, 2014) (dismissing first amended complaint with leave to amend).  "[A] number of district courts have

[held] verbal challenges to prison officials that are argumentative, confrontational, and disrespectful are not protected by the First Amendment." See id.; see also Johnson v. Carroll, No. 2:08-CV-1494 KJN P, 2012 WL 2069561, at *33 (E.D. Cal. June 7, 2012), report and recommendation adopted, 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012) (citing cases); Nunez v. Ramirez, No. 09-CV-413-WQH (BLM), 2010 WL 1222058, at *4 (S.D. Cal. Mar. 24, 2010) (rejecting plaintiff's contention that "directly [verbally] confronting a correctional officer who was attempting to enforce an indisputably valid prohibition" was protected speech, because "[s]uch a direct, face-to-face confrontation presents a danger of a disturbance and a disruption to institutional order and discipline that a written grievance does not").

In order to show "retaliatory motive," a plaintiff must show that her protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation omitted). The plaintiff must establish the "retaliatory motive" with more than "sheer speculation." Pratt, 65 F.3d at 808. To survive a motion to dismiss, a plaintiff must plead enough facts to plausibly establish a defendant's retaliatory motive. See Brodheim, 584 F.3d at 1271; Iqbal, 129 S. Ct. at 1949; compare Pratt, 65 F.3d at 808 (concluding, while the timing of adverse actions can be circumstantial evidence to establish a retaliatory motive, timing alone did not "support the inference" of retaliatory motive); with Bruce, 351 F.3d at 1289 (concluding a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by showing suspect timing supplemented by statements and other evidence). Furthermore, a retaliation claim is not plausible if there are "more likely explanations" for the action. Iqbal, 129 S. Ct. at 1951; see, e.g., Pratt, 65 F.3d at 808 (concluding that allowing an inmate to be closer to his family was a more likely explanation for his transferal than retaliation); Stone v. Becerra, No. CV-10-138-RMP, 2011 WL 1565299, at *3 (E.D. Wash. Apr. 25, 2011), aff'd, 520 F. App'x 542 (9th Cir. 2013) (concluding timing alone was insufficient evidence of

1 retaliatory motive and more likely explanation for the alleged adverse action, a cell
2 search, is that "it was actually random").

3     **(2)**   **ANALYSIS**

4     Here, Plaintiff alleges she is afraid to file her complaints in writing "for fear
5 of someone reading what [she] had to say and 'forcing' medication on [her]."  FAC
6 at 6.  However, Plaintiff has failed to present any facts or even to assert that
7 Defendants actually took some adverse action "because of" Plaintiff's engagement
8 in protected conduct.  <u>Rhodes</u>, 408 F.3d at 567.  In addition, Plaintiff fails to state
9 facts sufficient to allege retaliatory motive.  Plaintiff does not provide any facts
10 which draw a connection between Defendants' allegedly forcing patients to take
11 medication and their engagement in protected conduct.  Moreover, the "more
12 likely explanation" for Defendants' actions are that they were providing Plaintiff
13 with her prescribed medication.  Ultimately, Plaintiff's "sheer speculation"
14 regarding retaliatory motive is insufficient.  <u>See</u> <u>Pratt</u>, 65 F.3d at 808.
15 Consequently, Plaintiff's First Amendment retaliation claim must be dismissed.

16 **C.**   **PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE AN EXCESSIVE**
17     **FORCE CLAIM AGAINST ANY DEFENDANT**

18     **(1)**   **APPLICABLE LAW**

19     The "rights of civilly committed persons are protected by the Due Process
20 Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishment
21 Clause of the Eighth Amendment."  <u>Irvin v. Baca</u>, No. CV 03-2565-AHS (CW),
22 2011 WL 838915, at *8 (C.D. Cal. Jan. 18, 2011), <u>report and recommendation</u>
23 <u>adopted</u>, 2011 WL 835834 (C.D. Cal. Feb. 28, 2011).  This due process standard
24 recognizes the state is entitled to hold such a person in custody, and that the
25 detainee's confinement raises "concerns similar to those raised by the housing of
26 pretrial detainees, such as the legitimate institutional interest in the safety and
27 security of guards and other individuals in the facility, order within the facility, and
28 the efficiency of the facility's operations."  <u>Andrews v. Neer</u>, 253 F.3d 1052, 1061

9

1  (9th Cir. 2001) (citing <u>Johnson–El v. Schoemehl</u>, 878 F.2d 1043, 1048 (8th Cir.

2  1989)).

3       The standard applicable to Fourteenth Amendment excessive force cases is

4  the same as the Fourth Amendment "objective" test, rather than the often harder-

5  to-prove Eighth Amendment "subjective" standard.  <u>Kingsley v. Hendrickson</u>, ___

6  U.S. ___, 135 S. Ct. 2466, 2470, 192 L. Ed. 2d 416 (2015).  Thus, the inquiry here is

7  whether the defendants' "actions are 'objectively reasonable' in light of the facts

8  and circumstances confronting them, without regard to their underlying intent or

9  motivation."  <u>Graham v. Connor</u>, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d

10  443 (1989).

11       The gravity of a particular intrusion on an individual's Fourth Amendment

12  interests depends on "the type and amount of force inflicted."  <u>Chew v. Gates</u>, 27

13  F.3d 1432, 1440 (9th Cir. 1994).  "[E]ven when some force is justified the amount

14  actually used may be excessive."  <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 477

15  (9th Cir. 2007) (citations and internal quotation marks omitted); <u>see also</u> <u>Santos v.</u>

16  <u>Gates</u>, 287 F.3d 846, 854 (9th Cir. 2002).

17       Additionally, "[t]o satisfy substantive due process requirements, the

18  conditions of confinement imposed on civil detainees cannot be punitive."  <u>Rogers</u>

19  <u>v. Grijalva</u>, No. 1:09-CV-01298-BAM, 2013 WL 5492530, at *12 (E.D. Cal. Oct. 1,

20  2013) (citing <u>Jones</u>, 393 F.3d at 931-32); <u>see also</u> <u>Youngberg v. Romeo</u>, 457 U.S.

21  307, 321–22, 102 S. Ct. 2452, 2461, 73 L. Ed. 2d 28 (1982) ("Persons who have

22  been involuntarily committed are entitled to more considerate . . . conditions of

23  confinement than criminals whose conditions of confinement are designed to

24  punish.").  A civil detainee "enjoys constitutionally protected interests in

25  conditions of reasonable care and safety, [and] reasonably nonrestrictive

26  confinement conditions."  <u>Youngberg</u>, 457 U.S. at 324.  However, "[i]n

27  determining whether the State has met its obligations in these respects, decisions

28

1  made by the appropriate professional are entitled to a presumption of correctness."

2  Id.

3      **(2)  ANALYSIS**

4      Here, Plaintiff has failed to state an excessive force claim under either the

5  Eighth Amendment or the Fourteenth Amendment against any Defendant.

6  According to Plaintiff's FAC she is "on a PC 1370."[3]  Pretrial detainees who have

7  not yet been criminally convicted are to "retain the 'rights afforded unincarcerated

8  individuals,'" and thus, are protected by the excessive force standard under the

9  Fourteenth Amendment as opposed to the more stringent standard of the Eighth

10  Amendment.  Bell v. Wolfish, 441 U.S. 520, 531, 99 S. Ct. 1861, 1870, 60 L. Ed. 2d

11  447 (1979) (citation omitted).  Thus, absent indication of a criminal conviction, it

12  appears Plaintiff is precluded from raising a claim under the Eighth Amendment.

13  However, even under the Fourteenth Amendment's excessive force standard,

14  Plaintiff still fails to present facts against any Defendant to sufficiently state a claim.

15      **a.    Defendant Sarah D**

16      Plaintiff alleges Defendant Sarah D used unnecessary force in an attempt to

17  overmedicate Plaintiff.  FAC at 5.  Plaintiff claims Defendant Sarah D "held

18  [Plaintiff] down and forced [her] to take [an] injection."  Id.  However, Plaintiff

19  fails to allege sufficient facts to demonstrate Defendant Sarah D's use of force was

20  excessive such that it amounted to a punishment.  See Graham, 490 U.S. at 395

21  n.10 (finding the Due Process Clause protects detainees "from the use of excessive

22  force that amounts to punishment").  Specifically, Plaintiff has not presented any

23  facts demonstrating Defendant Sarah D's response was unjustified based on the

24

25  ---

[3] California Penal Code, section 1370 addresses the proper manner to handle
26  Defendants who are mentally incompetent to stand criminal trial.  Pursuant to
California Penal Code, section 1370(a)(1)(B), if a defendant is found mentally
27  incompetent, "the trial, the hearing on the alleged violation, or the judgment shall
be suspended until the person becomes mentally competent."  Cal. Penal Code §
1370(a)(1)(B) (West).

28

11

1   totality of the circumstances.  See Rogers, 2011 WL 837172, at *4 (evaluating

2   whether use of force is reasonable requires evaluating facts from the viewpoint of a

3   reasonable officer on the scene).  Thus, Plaintiff has failed to state an excessive

4   force claim against Defendant Sarah D.

5               **b.    Defendant Cherise**

6       Plaintiff alleges Defendant Cherise unnecessarily punished Plaintiff after

7   Plaintiff recited the Fourteenth Amendment.  FAC at 5.  Plaintiff, however, does

8   not provide any other specific facts "describing the incident in which [Defendant

9   Cherise] used excessive force."  Simmons v. Aranda, No. C 11-6190 SBA-PR, 2013

10  WL 663922, at *2 (N.D. Cal. Feb. 22, 2013).  Absent facts indicating what specific

11  punishment Defendant Cherise inflicted upon Plaintiff, Plaintiff's conclusory

12  allegations are insufficient to state an excessive force claim under the Fourteenth

13  Amendment.  Thus, Plaintiff has failed to state an excessive force claim against

14  Defendant Cherise.

15  **D.    PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A FOURTEENTH**

16  **AMENDMENT EQUAL PROTECTION CLAIM AGAINST ANY**

17  **DEFENDANT**

18      **(1)    APPLICABLE LAW**

19      The Equal Protection Clause of the Fourteenth Amendment requires that

20  persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne

21  Living Ctr., Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985).

22      An equal protection claim may be established in two ways.  First, a plaintiff

23  may establish an equal protection claim by showing the defendants acted with an

24  intent or purpose to discriminate against the plaintiff based upon the plaintiff's

25  membership in a protected class.  See, e.g., Thornton v. City of St. Helens, 425

26  F.3d 1158, 1167 (9th Cir. 2005).  Second, a plaintiff may establish an equal

27  protection claim by showing that similarly situated individuals were intentionally

28  treated differently without a rational relationship to a legitimate state purpose (or a

1  compelling need in a case involving a suspect class or a fundamental right). <u>Vill. of</u>

2  <u>Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060

3  (2000); <u>SeaRiver Maritime Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th

4  Cir. 2002).

5      **(2)   ANALYSIS**

6      Here, to the extent Plaintiff raises an Equal Protection claim against

7  Defendants, the claim must be dismissed.  Plaintiff makes conclusory allegations

8  that she is "discriminated against daily" and that "horrible racism [] takes place

9  against white Americans."  FAC at 5-6.  However, Plaintiff fails to present any

10  facts indicating a particular defendant intentionally treated her differently because

11  of her membership in a protected class or from others similarly situated.  Thus,

12  Plaintiff's Equal Protection claim must be dismissed.

13  **VI.**

14  **<u>LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

15      For the foregoing reasons, the FAC is subject to dismissal.  As the Court is

16  unable to determine whether amendment would be futile, leave to amend is

17  granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per

18  curiam).  Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of

19  the service date of this Order, Plaintiff choose one of the following two options:

20      1.    Plaintiff may file a Second Amended Complaint to attempt to

21  cure the deficiency discussed above. **The Clerk of Court is directed to mail**

22  **Plaintiff a blank Central District civil rights complaint form to use for filing**

23  **the Second Amended Complaint.**

24      If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must

25  clearly designate on the face of the document that it is the "Second Amended

26  Complaint," it must bear the docket number assigned to this case, and it must be

27  retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff

28  shall not include new defendants or new allegations that are not reasonably related

to the claims asserted in the FAC.  In addition, the Second Amended Complaint must be complete without reference to the FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2.     Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to allege insufficient facts to state a claim.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  November 22, 2016

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

14